Seibel, J. KY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                                             :
MALIBU MEDIA, LLC,                                           :
                                                             :
                              Plaintiff,                      :      Civil Action No. 7:14-cv-08941-CS
                                                             :
                 vs.                                          :
                                                             :
                                                             :
                                                             :
JOHN DOE subscriber assigned IP address                      :
173.62.127.47,                                               :
                                                             :
                              Defendant.                      :
-------------------------------------------------------------X



## ORDER ON MOTION FOR LEAVE TO SERVE
## THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

Plaintiff in the above-mentioned case has moved for leave to serve a third-party subpoena prior to a Federal Rule of Civil Procedure 26(f) conference. This Court fully adopts the reasoning set forth in Judge Ramos' August 21, 2012 Opinion and Order in *Malibu Media, LLC v. John Does 1-10*, No. 12-CV-2949 (S.D.N.Y. Aug. 21, 2012) (ECF No. 10) (the "Ramos Opinion"), a copy of which is attached to this Order.

The Court hereby ORDERS that Plaintiff may immediately serve a Rule 45 subpoena on the Internet Service Provider ("ISP") of John Doe with IP address 173.62.127.47 ("John Doe") to obtain the following information: John Doe's name, current and permanent address, and Media Access Control address. Plaintiff is expressly not permitted to subpoena the ISP for email addresses or telephone numbers.

It is further ORDERED that Plaintiff shall serve the ISP with a copy of this Order, which includes a copy of the Ramos Opinion, as well as the appended "Notice to Defendant," along with any subpoenas.

It is further ORDERED that the ISP will have 60 days from the date of service of the Rule 45 subpoena upon it to serve John Doe with a copy of the subpoena, a copy of this Order, which includes a copy of the Ramos Opinion, and a copy of the "Notice to Defendant." The "Notice to Defendant" should be the first page of materials sent to John Doe. The ISP may serve John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first class mail or overnight service.

It is further ORDERED that John Doe shall have 60 days from the date of service of the Rule 45 subpoena upon him or her (i.e., the date of receipt of a copy of the subpoena) to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.

The ISP may not turn over any identifying information before the expiration of this 60-day period. Additionally, if a John Doe or ISP files a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously, the ISP may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISP to resume turning over the requested information.

It is further ORDERED that the subpoenaed ISP shall preserve any subpoenaed information pending the resolution of any timely motion to quash.

It is further ORDERED that an ISP that receives a subpoena pursuant to this Order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff.

It is further ORDERED that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of

protecting Plaintiff's rights as set forth in the respective Complaints.

**DONE AND ORDERED** this 7ᵗʰ day of ___January___, 2015 .

By: _____

**UNITED STATES DISTRICT JUDGE**

White Plains , NY

## NOTICE TO DEFENDANT

You are a defendant in *Malibu Media v. John Doe subscriber assigned IP address 173.62.127.47*, 7:14-cv-08941-CS a case now pending before the Honorable Cathy [in White Plains] Seibel, United States District Judge for the Southern District of New York.  Attached is Judge Seibel's Order, dated 1|7|15 which sets forth certain deadlines and procedures related to this case.

You may hire a lawyer to represent you in this case or you may·proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer).  If you choose to proceed *pro se,* all communications with the Court should be through the Pro Se Office of the United States District Court for the Southern District of New York.  The Pro Se Office is located in the ~~Hon. Charles L. Brieant Jr. Federal Building and~~ Courthouse, ~~300 Quarropas Street, White Plains, NY 10601,~~ and can be reached at (212) 805-0175 or (914) 390-4000.

[Daniel P. Moynihan] [500 Pearl St.] [New York, NY 10007] [CH]

The Plaintiff in this case, Malibu Media, LLC, has filed a lawsuit claiming that you have illegally downloaded and/or distributed one or more movies on your computer.

The Plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.  The Plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

If you do not want your ISP to provide information to the Plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena.  This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.

Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the Plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should mail or fax a letter addressed to Judge Seibel, 300 Quarropas Street, White Plains, NY 10601 (fax number 914-390-4278) stating that you would like to proceed anonymously in your case.  This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.  You should identify yourself in your letter by the case in which you are a defendant

and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------x
MALIBU MEDIA, LLC,                    :        OPINION AND ORDER
        Plaintiff,                    :
            v.                        :
JOHN DOES 1-10,                       :        12-CV-2949 (ER)
        Defendants.                   :
------------------------------------------------x
------------------------------------------------x
MALIBU MEDIA, LLC,                    :
        Plaintiff,                    :
            v.                        :
JOHN DOES 1-11,                       :        12-CV-3810 (ER)
        Defendants.                   :
------------------------------------------------x
------------------------------------------------x
MALIBU MEDIA, LLC,                    :
        Plaintiff,                    :
            v.                        :
JOHN DOES 1-16,                       :        12-CV-3818 (ER)
        Defendants.                   :
------------------------------------------------x
------------------------------------------------x
MALIBU MEDIA, LLC,                    :
        Plaintiff,                    :
            v.                        :
JOHN DOES 1-21,                       :        12-CV-3821 (ER)
        Defendants.                   :
------------------------------------------------x
```

RAMOS, D.J.:

Plaintiff Malibu Media, LLC ("Malibu"), is a California movie company that owns the

copyrights to the films that are the subject of the four above-captioned suits.  Malibu has filed

these complaints against separate sets of John Doe Defendants, alleging that they infringed its

copyrights by using the BitTorrent protocol to collaboratively download to each of their

individual computers digital copies of copyrighted films.

In each case, Malibu has moved for leave to file third-party subpoenas on Defendants' Internet Service Providers ("ISPs") so that it can identify the Defendants, who are now known to Malibu only by their Internet Protocol ("IP") addresses. Because these subpoenas would be issued prior to the discovery conference that Federal Rule of Civil Procedure 26(f) anticipates, Malibu's motion seeks expedited discovery.

For the reasons set forth below, the Court GRANTS in part and DENIES in part Malibu's motion for expedited discovery. The Court also exercises its independent authority to sever each of the John Doe Defendants in the Complaints save John Doe 1.

## I. BACKGROUND

### A. The BitTorrent Protocol

BitTorrent is a peer-to-peer file-sharing protocol used for distributing large amounts of data over the Internet. The protocol is widely used to download digital versions of full-length movies. Since the introduction of this technology, a number of so-called "Torrent" sites have proliferated on the Internet, which allow individuals who are so inclined upload digital versions of pirated, copyrighted movies to make them available for free download by others.

The distinctive advantage of BitTorrent is that it allows a user to download a movie from many other users at once. *See* Compl., *Malibu Media, LLC v. John Does 1-10*, No. 12-cv-2949 (ER) ("*Does 1-10*") ¶ 16. The protocol creates a group of computer users, known as a "swarm," in order to facilitate the download process. The protocol then breaks the movie down into a series of "pieces" that members of the swarm, or "peers," can download and share more easily.

This promotes a faster and more efficient method of downloading large digital media files like digital versions of full-length movies.[1]

There are a number of features of the protocol that are particularly relevant to the resolution of the issues presented here.  First, the use of the protocol requires a series of volitional acts in order to download a copyrighted work.  A user first has to install the BitTorrent software, known as a "client," onto his or her individual computer.  The user then searches for the desired film in any of a number of Torrent sites.  The user then has to manually click on the particular movie and begin the downloading process.  Because BitTorrent is a peer-to-peer protocol, the user knows that he is acting in concert with at least one other peer in order to infringe on the copyrighted work.   Thus, proving a *prima facie* case of infringement against an individual who uses the BitTorrent protocol would not appear to be difficult once that individual has been identified.

However, other features of the technology present significant problems for owners who wish to enforce their copyrights.  In the first place, the process is anonymous and, once the key strokes necessary to effectuate the download are completed, largely invisible to the user.  So peers don't need to communicate directly with one another in order to download the movie they are mutually interested in acquiring.  Peers do not even exchange the whole movie at once.  Instead, they exchange different pieces of the movie from different peers.  A peer cannot choose, and does not know, the other peers in the swarm.

Moreover, the mere fact that two peers are in the same swarm is no guarantee that they will necessarily interact with one another.  Thus, for example, while a peer may be in a swarm with several hundred other users at one time, he or she may only interact with some subset of

---

[1] For a more technical and succinct description of how this technology works, *see, e.g., Patrick Collins, Inc. v. John Does 1-21*, — F.R.D. —, No. 11–15232, 2012 WL 1190840, at *1-5 (E.D. Mich. April 5, 2012).

that number in order to successfully download an entire movie.  It is for this reason that Malibu

is unable to allege that the John Doe Defendants in each of these four actions interacted directly

with the other Defendants in that action.  The most Malibu can do is allege that "each Defendant

peer member participated in the same swarm and directly interacted and communicated with

other members of that swarm[.]"  Compl.,¶ 34, *Does 1-10*; Compl.,¶ 33, *Malibu Media, LLC v.*

*John Does 1-11*, No. 12-cv-3810 (ER) ("*Does 1-11*"); Compl.,¶ 33, *Malibu Media, LLC v. John*

*Does 1-16*, No. 12-cv-3818 (ER) ("*Does 1-16*"); Compl.,¶ 33, *Malibu Media, LLC v. John Does*

*1-21*, No. 12-cv-3821 (ER) ("*Does 1-21*").

      It is also for this reason that some district courts have concluded that joinder is not

appropriate in multi-defendant BitTorrent cases because plaintiffs are unable to allege that the

defendants engaged together in a "transaction, occurrence, or series of transactions or

occurrences" for purposes of Rule 20.  *E.g., SBO Pictures, Inc. v. Does 1-20*, No. 12 Civ. 3925

(SAS), 2012 WL 2304253 at *2 (S.D.N.Y. June 18, 2012) ("*SBO Pictures*").  The joinder issue

is further complicated by the fact that a swarm can conceivably be made up of hundreds, if not

thousands of peers.  For this reason, district courts have rejected joinder in some BitTorrent cases

because allowing a case to proceed with that many defendants would be unwieldy and would not

achieve the judicial economy for which Rule 20 was designed.

      Another complicating factor is that swarms, because they exist only on the Internet, are

not susceptible to traditional geographic definition.  Plaintiffs wishing to enforce their rights

against members of the same swarm are therefore frustrated by statutory venue and personal

jurisdiction requirements.  Rather than bring one action in one forum against all of the members

of the swarm, they are required by our rules to bring multiple actions in multiple jurisdictions.

Finally, once a swarm is formed, it can remain in existence for some period of time. This makes it less plausible to allege that a peer who participated in the swarm at its inception necessarily took part in the "same series of transactions" as a peer who joined some weeks later. Thus, while some courts have been willing to permit a suit to proceed, at least in the early stages, as a multi-defendant case, they have done so in part because the plaintiff alleged that the peers traded "as part of a single 'swarm' and *within a limited period of time.*" *Digital Sin, Inc. v. Does 1-27*, No. 12 Civ. 3873 (JMF), 2012 WL 2036035, at *2 (S.D.N.Y. June 6, 2012) ("*Digital Sin II*") (emphasis added).

As the foregoing illustrates, the traditional organizing principles of civil litigation are simply ill-suited to address infringement facilitated by BitTorrent technology. In the instant four cases, Malibu has attempted to address these various hurdles by bringing suit against a limited number of John Doe Defendants (10, 11, 16, and 21, respectively), each alleged to have participated in a single swarm, during a relatively limited period of time (74 days, 35 days, 42 days, and 65 days, respectively), and within a circumscribed geographical area (in each case, cities and towns within the Southern District of New York). However, for the reasons set forth below, even these efforts fail.

**B. Specific Allegations in the Complaints**

In each of the four cases before the Court, Malibu alleges that it owns copyrights to specific films it alleges were contained in the pieces of digital media files Defendants shared. In *Does 1-11*, the film is registered as copyright number PA0001775906. In *Does 1-16*, the film is registered as copyright number PA0001778844. In *Does 1-21*, the film is registered as copyright number PA0001775909.

5

In *Does 1-10*, Malibu alleges that Defendants did not just share a digital media file containing a specific film, but "copied and distributed most of a website containing 57 movies . . . known as a 'siterip.'" Compl. ¶ 2, *Does 1-10*. Malibu alleges it owns copyrights to 11 of these 57 films. *Id.* ¶ 13.

In each of the four cases, the only identifying information Malibu knows about each John Doe Defendant is his or her IP address, which Malibu alleges has been traced to a physical address within this judicial district. *E.g., id.* ¶ 6. Malibu has attached a document to each of its Complaints which connects each IP address, the physical location to which it has been traced, and a "hit date," which is a particular date and time at which Malibu alleges that IP address shared a piece of the digital media file in question, as evidenced by the file's distinctive identifier. *See* Compl., Ex. A, *Does 1-10*; Compl., Ex. A, Does 1-11; Compl., Ex. A, Does 1-16; Compl., Ex. A, Does 1-21.

Each of the Complaints alleges two counts against each Defendant: direct copyright infringement for copying a piece of the file or siterip and contributory copyright infringement for allowing others to copy a piece of the file or siterip. *See* Compl., ¶¶ 48-54, 55-64, *Does 1-10*;[2] Compl., ¶¶ 45-51, 52-6, *Does 1-11*; Compl., ¶¶ 45-51, 52-61, *Does 1-16*; Compl., ¶¶ 45-51, 52-61, *Does 1-21*.

Each of the Complaints also contains a paragraph asserting that joinder is proper. *See* Compl., ¶ 12, *Does 1-10*; Compl., ¶ 10, *Does 1-11*; Compl., ¶ 10, *Does 1-16*; Compl., ¶ 10, *Does 1-21*. The paragraph in Does 1-10, for example, makes three statements on joinder. *See* Compl., ¶ 12, *Does 1-10*. First, "each of the Defendants is jointly and severally liable for the

---

[2] Count 1 in Does 1-10 actually reads "Contributory Infringement," *see* Compl., ¶ 48, *Does 1-10*, which would give that Complaint two contributory infringement counts and no direct infringement counts. But it appears from the rest of the Complaint that Malibu meant to allege a direct infringement count. *See id.* ¶ 4 ("Plaintiff alleges each Defendant is liable for . . . [d]irect copyright infringement.").

infringing activities of each of the other Defendants." *Id.* Second, "the infringement complained of herein by each of the Defendants was part of a series of transactions, involving the exact same torrent file containing Plaintiff's copyrighted Works, and was accomplished by the Defendants acting in concert with each other." *Id.* Third, "there are common questions of law and fact; indeed, the claims against each of the Defendants are identical and each of the Defendants used the BitTorrent protocol to infringe Plaintiff's copyrighted Works." *Id.*

**C. Procedural History**

Malibu filed these four Complaints in quick succession this spring. Compl., *Does 1-10* (filed April 13, 2012); Compl., *Does 1-11* (filed May 14, 2012); Compl., *Does 1-16* (filed May 14, 2012); Compl., *Does 1-21* (filed May 14, 2012). In each case, it filed a motion for leave to serve third party subpoenas prior to a Rule 26(f) conference shortly thereafter. *See* Doc. 7, *Does 1-10*; Doc. 2, *Does 1-11*; Doc. 2, *Does 1-16*; Doc. 2, *Does 1-21*.

Malibu is requesting that the Court issue an order allowing it to serve each Defendant's ISP with a Rule 45 subpoena for "the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address." Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ¶ 2, *Does 1-10*. Malibu's proposed order would also have the Court find that joinder is proper for the time being. *See id.* ¶ 7.

**II. DISCUSSION**

The Court will first address whether the Defendants in each action are properly joined, then, the issue of expedited discovery.

## A. Joinder Law

Federal Rule of Civil Procedure 20 provides that parties may be joined in one action as defendants if any right to relief is asserted against them jointly or severally, or in the alternative arises out of the same transaction, occurrence, or series of transactions or occurrences; and, involves a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). A district court also has the authority, on motion or on its own, to at any time, on just terms, add or drop a party or sever any claim against a party. Fed. R. Civ. P. 21. The court may also order a separate trial of one or more separate issues or claims for convenience, to avoid prejudice, or to expedite and economize the litigation. Fed. R. Civ. P. 42.

The Supreme Court has interpreted the permissive joinder rule liberally. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."); *see also Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1094 (2d Cir. 1992) (citing *Gibbs* as typifying "the liberal joinder provisions of the federal rules").

## B. Precedent on Joinder in BitTorrent Cases

The cases before the Court are part of a nationwide trend in which movie production companies or holders of their copyrights sue individual BitTorrent users by their IP addresses and then seek expedited discovery. These requests for expedited discovery inevitably raise the issue of whether the Defendants whose identities are sought have been properly joined in the action.

At least nine judges in the Southern District of New York have addressed joinder in a BitTorrent copyright case. The District has divided on the disposition. Four courts have

8

permitted joinder, albeit without prejudice to the John Doe Defendants to raise the issue when they appear.[3]  Three courts have severed all but the first John Doe Defendant in their respective cases.[4]  Two courts explicitly declined to take a position on the issue at an early stage in the litigation.[5]

The Court agrees with the view of one of its colleagues that "[t]he fact that multiple courts, in well-reasoned opinions, have arrived at opposing conclusions suggests that there is no clearly correct answer to this question." *Next Phase*, 2012 WL 3117182, at *4.

### C. A Swarm Is Not a Series of Transactions or Occurrences under Rule 20(a)(2)(A)

Malibu has sufficiently alleged that a "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(B).  The allegations against each Defendant, for example, share the factual question of whether Malibu owned the relevant copyright(s) and the legal question of whether sharing a piece of the copyrighted film through BitTorrent constituted infringement.

Malibu must also satisfy the requirement that it assert a right to relief against each Defendant that "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).  In order to meet its burden, Malibu has asserted a swarm theory of joinder, that "the infringement complained of herein by each of the Defendants was part of a series of transactions, involving the exact same torrent file containing of Plaintiff's

---

[3] *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 243 (S.D.N.Y. Jan. 30, 2012) ("*Digital Sin I*"); *In re Adult Film Copyright Infringement Litigation*, No. 11 Civ. 7564 (KBF), 2012 WL 1003581, at *2 (S.D.N.Y. Mar. 26, 2012); *Digital Sin II*, 2012 WL 2036035, at *2; *Malibu Media, LLC v. Does 1-4*, No. 12 Civ. 2955 (PAE), 2012 WL 3104887 at *2 (S.D.N.Y. July 31, 2012) ("*Does 1-4*").

[4] *Digital Sins, Inc. v. John Does 1-245*, No. 11 Civ. 8170 (CM), 2012 WL 1744838, at *4 (S.D.N.Y. May 15, 2012) ("*Digital Sins*"); *SBO Pictures*, 2012 WL 2304253, at *2; *Next Phase Distribution, Inc. v. John Does 1-27*, — F.Supp. 2d —, No. 12 Civ. 3755 (VM), 2012 WL 3117182, at *7 (S.D.N.Y. July 31, 2012) ("*Next Phase*").

[5] *Malibu Media, LLC v. Does 1-5*, No. 12 Civ. 2950 (JPO), 2012 WL 2001968, at *3 (S.D.N.Y. June 1, 2012); *Patrick Collins, Inc. v. Does 1-4*, No. 12 Civ. 2962 (HB), 2012 WL 2130557, at *3 (S.D.N.Y. June 12, 2012).

copyrighted Works, and was accomplished by the Defendants acting in concert with each other."
*See* Compl., ¶ 12, *Does 1-10*. The Court is not persuaded that participating in the same swarm
suffices to unite each Defendant in the same "series of transactions" under Rule 20(a)(2)(A) and
concludes that, on the facts alleged in the Complaints, that Defendants were not "acting in
concert with *each other*." *See id.* (italics added).[6]

     Here, Malibu is alleging that Defendants used BitTorrent to infringe the *same* copyright,
using the *same* torrent file, around the *same* time (the weeks alleged in the Complaints) and place
(the Southern District of New York). But those facts do not suffice for Rule 20 joinder. Sharing
files through the BitTorrent protocol necessarily requires a user to rely on, or transact with, other
peers who are sharing pieces of the movie the user wishes to download. But the Complaints
before the Court contain no allegation that any of these Defendants shared a piece with, or in any
other way transacted with, *any other Defendant*. More importantly, there is no factual allegation
to support the proposition that Defendants transacted *even unintentionally*.

     As the court in *SBO Pictures* explained, "the basic disagreement is about whether twenty
individuals copying and sharing a particular file with some unknown subset of thousands of other
people around the world can be said to be engaged in the same series of transactions even if no

---

[6] Courts have offered starkly contrasting reactions to the swarm theory of joinder. Some courts have taken it to be self-evidently correct, at least within the boundaries of the facts in the complaints before them, that joinder is appropriate. *See Digital Sin I*, 279 F.R.D. at 243 ("it is difficult to see how the sharing and downloading activity alleged in the Complaint—a series of individuals connecting either directly with each other or as part of a chain or 'swarm' of connectivity designed to illegally copy and share the exact same copyrighted file—could not constitute a 'series of transactions or occurrences.'"); *Does 1-4*, 2012 WL 3104887, at *2 ("Malibu Media makes such concrete allegations, based on research which indicates these transactions involved one file, marked by the same hash, traded among geographically centralized individuals over a three-month period. Accordingly, joinder of the Doe defendants is, at this stage of the case, appropriate.").

Others have taken the allegation that two defendants participated in a swarm to be no different than an allegation that two defendants violated the law in the same way. For example, in *Digital Sins*, the court explained that, "[i]n this Circuit, the fact that a large number of people use the same method to violate the law does not authorize them to be joined as defendants in a single lawsuit." 2012 WL 1744838, at *2 (citing to *Nassau Cnty. Assoc. of Ins. Agents, Inc. v. Aetna Life & Casualty*, 497 F.2d 1151, 1154 (2d Cir.1974)).

one of the twenty shared the file or communicated with any of the other nineteen." *SBO Pictures*, 2012 WL 2304253, at *2

In *SBO Pictures*, as here, "[t]here [wa]s no allegation in the Complaint that the Does shared the file with one another (as opposed to with other members of the same very large swarm) or that they communicated or conspired with each other about their transactions." *Id; see also Boy Racer*, No. C 1102834 (LHK), Doc. 12 at 4 (N.D. Cal. Aug. 5, 2011) ("[E]ven if the IP addresses at issue in this motion all came from a single swarm, there is no evidence to suggest that each of the addresses 'acted in concert' with all of the others. In fact, the nearly six-week span covering the activity associated with each of the addresses calls into question whether there was ever common activity linking the 51 addresses in this case.").

Tellingly, in none of the four Complaints does Malibu allege that the downloading of any of the John Doe Defendants even *overlapped temporally* with the downloading of another Defendant. The Complaints reveal that very few of the John Doe Defendants are even alleged to have downloaded on the same day as another John Doe Defendant in the same case.[7] In fact, in each of the cases before the Court, the alleged downloads took place over a period of a month or more.[8] "Where, as here, a plaintiff seeks to join several defendants in an action based on file-sharing activity . . . a plaintiff must allege facts that permit the court to infer some actual, concerted exchange of data between those defendants. In these cases . . . the spans of time

---

[7] *See* Compl. Ex. A, *Does 1-10* (alleging no downloads on the same day); Compl. Ex. A, *Does 1-11* (alleging that John Doe 2 downloaded the file on February 9, 2012 at 20:22 UTC and John Doe 10 downloaded the file the same day at 6:34 UTC); Compl. Ex. A, *Does 1-16* (alleging that John Doe 2 downloaded the file on March 2, 2012 at 23:59 UTC and John Doe 10 downloaded the file the same day at 20:15 UTC; alleging that John Doe 16 downloaded the file on March 5, 2012 at 23:31 UTC and John Doe 21 downloaded the file the same day at 19:45 UTC; alleging that John Doe 13 downloaded the file on March 10, 2012 at 5:22 UTC and John Doe 15 downloaded the file the same day at 0:51 UTC); Compl. Ex. A, *Does 1-21* (alleging that John Doe 4 downloaded the file on February 13, 2012 at 5:56 UTC and John Doe 21 downloaded the file the same day at 19:45 UTC).

[8] *See* Compl. Ex. A, *Does 1-10* (alleging downloads from December 22, 2011 to March 4, 2012); Compl. Ex. A, *Does 1-11* (alleging downloads from February 4, 2012 to March 9, 2012); Compl. Ex. A, *Does 1-16* (alleging downloads from March 2, 2012 to April 12, 2012); Compl. Ex. A, *Does 1-21* (alleging downloads from February 7, 2012 to April 11, 2012).

11

shown in plaintiff['s] investigations make it difficult to draw the conclusion that there has been

any actual exchange of data between and among the defendants in each case." *Malibu Media,*

*LLC v. John Does 1-23,* — F. Supp. 2d —, No. 12–cv–1592012 *et al.,* WL 1999640 at \*4 (E.D.

Va. May 30, 2012); *see also Hard Drive Prods., Inc. v. Does 1–188,* 809 F. Supp. 2d 1150, 1163

(N.D. Cal. 2011) ("The bare fact that Doe clicked on a command to participate in the BitTorrent

Protocol does not mean that they were part of the downloading by unknown hundreds or

thousands of individuals across the country or across the world.").

**D. Severance Will Promote Judicial Economy Because Defenses Will Likely Vary**

Even if Malibu had sufficiently alleged that Defendants participated in the same "series

of transactions or occurrences" under Federal Rule of Civil Procedure 20(a)(2)(A), the Court

would still sever all but the first John Doe Defendant in each case. Rule 20(a)(2) sets out the

minimum bar that allows a court to permit joinder. "Joinder is *permissive*—a pragmatic tool

meant to help courts and parties conduct litigation in a way that is efficient, practical, and fair.

The well-established policy underlying permissive joinder is to promote trial convenience and

expedite the resolution of lawsuits." *SBO Pictures,* 2012 WL 2304253, at \*2 (quotation

omitted). Moreover, district courts may, "[f]or convenience, to avoid prejudice, or to expedite

and economize, the court may order a separate trial of one or more separate issues [or] claims."

Fed. R. Civ. P. 42.

Even at this stage of the litigation, there is enough information to conclude that

defendants will likely present different defenses. As the court in *SBO Pictures* explained,

"[e]ach Doe who denies the allegations is likely to assert entirely independent factual defenses."

2012 WL 2304253, at \*2. The likely dispute between the parties in this case will not be whether

Malibu owns the relevant copyright(s) or whether sharing pieces of the file over BitTorrent is

infringement, but whether the particular natural person defendant, rather than someone else using the IP address connected with the defendant, infringed the copyright.[9]

For the foregoing reasons, the Court SEVERS *sua sponte* each Defendant other than John Doe 1 in each of the instant cases.  If Malibu chooses to re-file actions against any of the severed Defendants, those actions must be referred to this Court pursuant to Rule 4(b) of the Local Rules for the Division of Business among District Judges of the Southern District of New York.

### E. Expedited Discovery as to John Doe 1 in Each Case

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except [in an exempted proceeding] . . . or when authorized by these rules, by stipulation, or by court order." This district has allowed expedited discovery under a "flexible standard of reasonableness and good cause." *Ayyash v. Bank Al–Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005).

Malibu "seeks to discover from the Defendants' ISPs the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendants." Pl.'s Mem. 6, *Does 1-10*.  Malibu claims urgency for its request by claiming that "the ISPs may maintain these logs for only a short period of time." *Id.*

As stated above, Malibu has alleged a *prima facie* case for copyright infringement.  Its need to identify natural person Defendants is evident, and the Court accepts Malibu's claim that the ISPs only keep the identifying logs for a limited period of time.  Furthermore, as another court in this district noted, "[a]bsent a Court-ordered subpoena, many of the ISPs, who qualify as "cable operators" for purposes of 47 U.S.C. § 522(5), are effectively prohibited by 47 U.S.C. §

---

[9] Identifying the individual user via his IP address is not as easy as one might think.  Plaintiff's counsel in another BitTorrent case in this District has conceded that "30% of the names turned over by Internet Service Providers are not those of individuals who actually downloaded or shared copyrighted material." *Digital Sin I*, 279 F.R.D. at 242 (italics omitted).

551(c) from disclosing the identities of the putative defendants to Plaintiff." *Digital Sin I*, 279 F.R.D. at 241. Therefore, because Malibu has no alternative means to timely litigate its *prima facie* claim of copyright infringement, it has demonstrated good cause for expedited discovery.

The Court, however, remains wary of the potential for subjecting innocent John Doe Defendants the embarrassment and annoyance of being associated with illegally downloading copyrighted material and will carefully limit the expedited discovery to protect the rights of Defendants. Federal Rule of Civil Procedure 26(c) grants courts authority on good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . prescribing a discovery method other than the one selected by the party seeking discovery . . . [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." The Court holds that this need to protect Defendants, especially given the possibility that he or she has a valid and complete defense to the claims alleged, constitutes good cause for a protective order.

The Court, therefore, will adopt the approach of its colleague in *Digital Sin II*, 2012 WL 2036035 at *4-6, in authorizing expedited discovery with a protective order limiting Malibu's discovery to the Defendant's name, current and permanent address, and Media Access Control address and with an attachment informing Defendants of their legal rights in this matter. The Court thus GRANTS in part and DENIES in part Malibu's motion for expedited discovery.

### III. CONCLUSION

For the foregoing reasons, the Court sua sponte SEVERS and DISMISSES without

prejudice from this action:

John Doe Defendants 2-10 in *Malibu Media, LLC v. John Does 1-10*, No. 12-cv-2949 (ER);

John Doe Defendants 2-11 in *Malibu Media, LLC v. John Does 1-11*, No. 12-cv-3810 (ER);

John Doe Defendants 2-16 in *Malibu Media, LLC v. John Does 1-16*, No. 12-cv-3818 (ER); and,

John Doe Defendants 2-21 in *Malibu Media, LLC v. John Does 1-21*, No. 12-cv-3821 (ER).

The Court GRANTS in part and DENIES in part Malibu's motion for expedited

discovery as to the "remaining Defendants":

John Doe Defendant 1 in *Malibu Media, LLC v. John Does 1-10*, No. 12-cv-2949 (ER);

John Doe Defendant 1 in *Malibu Media, LLC v. John Does 1-11*, No. 12-cv-3810 (ER);

John Doe Defendant 1in *Malibu Media, LLC v. John Does 1-16*, No. 12-cv-3818 (ER); and,

John Doe Defendant 1in *Malibu Media, LLC v. John Does 1-21*, No. 12-cv-3821 (ER).

The Court hereby ORDERS that Malibu may immediately serve a Rule 45 subpoena on

the ISP of John Doe 1 listed in Exhibit A to each of the Complaints to obtain information to

identify the Defendant, specifically his or her name, current and permanent address, and Media

Access Control address.  Malibu is expressly not permitted to subpoena the ISP for the

Defendant's email addresses or telephone numbers.

It is further ORDERED that Malibu shall serve a copy of this Opinion and Order as well

as the attached "Notice to Defendants" along with any subpoenas to the listed ISPs.

It is further ORDERED that each ISP will have 60 days from the date of service of the

Rule 45 subpoena upon it to serve John Doe 1 in each of the four actions with a copy of the

subpoena, a copy of this Opinion and Order, and a copy of the "Notice to Defendants."  The

Opinion and Order should be attached to the "Notice to Defendants" such that the "Notice to Defendants" is the first page of the materials enclosed with the subpoena. The ISPs may serve John Doe 1 in each of the four actions using any reasonable means, including written notice sent to his or her last known address, transmitted either by first class mail or via overnight service.

It is further ORDERED that John Doe 1 in each of the four actions shall have 60 days from the date of service of the Rule 45 subpoena and this Opinion and Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISPs may not turn over the identifying information of John Doe 1 in each of the four actions to Malibu before the expiration of this 60–day period. Additionally, if a remaining Defendant or ISP files a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously, the ISPs may not turn over any information to Malibu until the issues have been addressed and the Court issues an order instructing the ISPs to resume turning over the requested discovery.

It is further ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

It is further ORDERED that an ISP that receives a subpoena pursuant to this Opinion and Order shall confer with Malibu and shall not assess any charge in advance of providing the information requested in the subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Malibu.

It is further ORDERED that any information ultimately disclosed to Malibu in response to a Rule 45 subpoena may be used by Malibu solely for the purpose of protecting Malibu's rights as set forth in its complaint.

The Clerk of the Court is respectfully directed to terminate the following motions:

Doc. 7 in *Malibu Media, LLC v. John Does 1-10*, No. 12-cv-2949 (ER);

Doc. 2 in *Malibu Media, LLC v. John Does 1-11*, No. 12-cv-3810 (ER);

Doc. 2 in *Malibu Media, LLC v. John Does 1-16*, No. 12-cv-3818 (ER); and,

Doc. 2 Defendants 2-21 in *Malibu Media, LLC v. John Does 1-21*, No. 12-cv-3821 (ER).

It is SO ORDERED.

Dated: August 21, 2012
White Plains, NY

_____
Edgardo Ramos, U.S.D.J.

1. You are a defendant in [*Malibu Media, LLC v. John Does 1-10*, No. 12-cv-2949 (ER) OR *Malibu Media, LLC v. John Does 1-11*, No. 12-cv-3810 (ER) OR *Malibu Media, LLC v. John Does 1-16*, No. 12-cv-3818 (ER) OR *Malibu Media, LLC v. John Does 1-21*, No. 12-cv-3821 (ER)], a case now pending before the Honorable Edgardo Ramos, United States District Judge for the Southern District of New York.

Attached is Judge Ramos's Order, dated August 21, 2012, which sets forth certain deadlines and procedures related to this case.

You may hire a lawyer to represent you in this case or you may proceed pro se (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed pro se, all communications with the Court should be through the Pro Se Office of the United States District Court for the Southern District of New York.  The Pro Se Office is located in the Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601, and may be reached at (212) 805–0175 or (914) 390-4000.

2. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed a movie on your computer.

3. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

1. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.

If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the Pro Se Office of the Court. This information is solely for use by the Court and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

18

If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.